UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELINO SANCHEZ MARTINEZ,<br><br>　　　　　　　　　　　　Petitioner,<br><br>v.<br><br>IMMIGRATION AND CUSTOMS ENFORCEMENT; F. LAWRENCE, Warden,<br><br>　　　　　　　　　　　　Respondents. | Case No.: 15-CV-0962-AJB-NLS<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(Doc. No. 1) |

Presently before the Court is Petitioner Marcelino Sanchez Martinez's ("Petitioner") petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. No. 1.) On August 22, 2016, Respondents filed a return, informing the Court that Petitioner was removed to Mexico on April 21, 2016, and was thus no longer in ICE custody. (Doc. Nos. 9, 9-1.) On December 9, 2016, the Court ordered Respondents to file supplemental briefing addressing whether any collateral consequences exist that would render finding the petition moot inappropriate. (Doc. No. 11.) Respondents filed that briefing on January 12, 2017. (Doc. No. 13.) After a thorough review of the papers and applicable law, the Court **DISMISSES** the petition for writ of habeas corpus **AS MOOT**.

Petitioner, a Mexican citizen, brings this petition to challenge his detention during removal proceedings. While his 177-page petition is far from clear, the Court construes the petition as challenging the propriety of being denied parole or bond during those proceedings. (Doc. No. 1 at 67.) The petition otherwise does not specify the grounds for the petition or the relief Petitioner seeks.

"Deportation from the United States after filing a habeas petition" will moot a petitioner's claim unless there is "some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. INS*, 488 F.3d 1061, 1063–64 (9th Cir. 2007) (citations omitted). If "the habeas petition[] raised claims that were fully resolved by release from custody," the petition is moot. *Id.* at 1065. Collateral consequences notwithstanding deportation after the filing of the petition have been found to exist where, for example, a petitioner challenged an aggravated felony conviction, which would bar him from reentering the country for twenty years. *Zegarra-Gomez v. INS*, 314 F.3d 1124, 1127 (9th Cir. 2003). In contrast, petitions were found moot and not saved by the collateral consequences doctrine where, for example, a petitioner requested only a stay of deportation and was later deported, *Hose v. INS*, 180 F.3d 992, 995 (9th Cir.1999), and a petitioner was released after challenging the legality of his extended detention, *Riley v. INS*, 310 F.3d 1253, 1256–57 (10th Cir. 2002).

Here, Petitioner asserts he "should have been detained (temporarily) then either paroled or bonded out immediately . . . ." (Doc. No. 1 at 67.) Accordingly, the Court construes the petition as challenging the legality of Petitioner's detention during removal proceedings. Because Petitioner has since been released from custody, the Petition is moot. *Abdala*, 488 F.3d at 1064; *Riley*, 310 F.3d at 1256–57; *see Adem v. Kane*, No. CIV-14-2472-PHX-GMS (MHB), 2014 WL 12614446, at *1 (D. Ariz. Dec. 22, 2014) (recommending that § 2241 petition be dismissed as moot when petitioner asserting "he is entitled to supervised release from custody because his detention is not authorized by law" was released from custody).

//

Based on the foregoing, the Court **DISMISSES** the petition for writ of habeas corpus **AS MOOT**.

**IT IS SO ORDERED.**

Dated: June 7, 2017

Hon. Anthony J. Battaglia
United States District Judge